# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JOHNNY ST. CIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 16-3212-CV-W-FJG |
| ) | Crim. No. 05-3047-01-CR-S-FJG |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Currently pending before the Court is Johnny St. Cin's Motion to Correct Sentence under 28 U.S.C. § 2255 (Doc. # 1).

## I. BACKGROUND

Johnny St. Cin was charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and 924(e). St. Cin pled guilty on July 12, 2005. The Pre-Sentence Report calculated a base offense levels of 24 based on two felony convictions for burglary and kidnapping. This was reduced two levels for acceptance of responsibility and one level further pursuant to §3E1.1(b). The PSR classified St. Cin as an armed career criminal under 18 U.S.C. § 924(e), increasing his offense level to 33. This was reduced again pursuant to §§ 3E1.1 and 3E1.1(b), making the total offense level 30. St. Cin was sentenced on March 2, 2006 to 180 months' custody to be followed by a five year term of supervised release.

## II. STANDARD

Under 28 U.S.C. § 2255, a movant may collaterally attack his sentence on four grounds: "(1) 'that the sentence was imposed in violation of the Constitution or laws of

the United States,' (2) 'that the court was without jurisdiction to impose such sentence,' (3) 'that the sentence was in excess of the maximum authorized by law,' and (4) that the sentence 'is otherwise subject to collateral attack.'" Hill v. United States, 368 U.S. 424, 426-27, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)(quoting 28 U.S.C.§ 2255).

### III. DISCUSSION

The Court first finds that St. Cin's motion for relief under 28 U.S.C. § 2255 is timely because it is filed within one year of the Supreme Court's decision in Johnson v. United States, 576 U.S. __, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). See 28 U.S.C. § 2255(f)(3). Pursuant to Welch v. U.S., 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), the Court further finds that Johnson constitutes a new substantive rule of constitutional law that should be applied retroactively to defendants who were previously sentenced under the ACCA.

In reliance on Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551, 192 L.Ed.2d 569 (2015), where the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague, St. Cin now seeks relief under 28 U.S.C. § 2255, and asks this Court to vacate his previous sentence and resentence him without application of the ACCA. St. Cin asserts that his prior conviction for kidnapping is not a violent felony in the absence of the residual clause. Because St. Cin does not have three prior convictions which qualify as violent felonies under the ACCA, he argues that he is no longer subject to the enhanced sentence mandated by the statute.

The Government argues that while Johnson struck down ACCA's residual clause, the force clause remains and because kidnapping qualifies as a violent felony under the force clause, St. Cin was properly classified as an armed career criminal. The

2

Government states that St. Cin's kidnapping charge originated with an Information filed in Butler County, Missouri. The Information in Count II charged St. Cin with kidnapping, punishable upon conviction under Mo.Rev.Stat. § 558.011.1(2) for unlawfully removing the victim without her consent for the purpose of terrorizing her. In Count III, St. Cin was charged with violating Mo.Rev.Stat. § 571.015, Armed Criminal Action for kidnapping the victim "by, with and through the use, assistance and aid of a deadly weapon." The Government argues that the force clause of the ACCA states that a violent felony is one that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Government states that St. Cin's use of a deadly weapon in connection with the kidnapping demonstrates at the very least that it involved the use of physical force. Additionally, the Government argues that in Brock v. Denny, No. 4:06CV1103TCM, 2009 WL 3228694, *6 (E.D.Mo. Sept. 30,2009), the Court held that "[t]errorize is defined as 'to fill with terror or anxiety.' 'to coerce by threat or violence.'" Id. (quoting Webster's Third New International Dictionary, 2361 (1966)).

In United States v. Cook, No. 8:07CR339, 2017 WL 2312874 (D.Neb. May 25, 2017), the Court explained how to determine whether previous state convictions qualify a predicate violent felonies under the ACCA.

> The ACCA enhances a sentence for an individual convicted under 18 U.S.C.§ 922(g) from a statutory maximum of ten years to a statutory minimum of fifteen years if a defendant has been convicted as a felon in possession of a firearm "and has three previous convictions . . . for a violent felony." 18 U.S.C. § 924(e)(1). At the time of Cook's sentencing, the ACCA gave three definitions of "violent felony." 18 U.S.C. § 924(e)(2)(B). It referred to any offense that "has as an *element* the use, attempted use, or *threatened use of physical force against the person of another."* 18 U.S.C. § 924(e)(2)(B)(i)(emphasis added). That provision is known as the "force clause." See United States v. Jordan, 812 F.3d

> 1183,1185 (8th Cir. 2016). The ACCA also covered any offense that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The first nine words of that subsection are called the "enumerated crimes clause," and the last thirteen are called the "residual clause." See id. The Supreme Court found the residual clause unconstitutionally vague in Johnson, 135 S.Ct. at 2563, but did not invalidate the force clause or the enumerated crimes clause of the ACCA's definition of a violent felony. To determine whether a prior conviction under a statute that encompasses a single crime is a predicate violent felony offense under the ACCA, the court must apply a categorical approach, which focuses solely on the elements of the crime of conviction and whether they match the definition under the ACCA, while ignoring the particular facts of the case. . . . In contrast, when a state statute is divisible, "in that it defines multiple crimes, some of which are ACCA predicate offenses 'and some of which are not, [courts] apply a modified categorical approach to look at the charging document, plea colloquy, and comparable judicial records for determining which part of the statute the defendant violated.'" [United States v.] McFee, 842 F.3d at 574-75. A list of alternative elements is divisible, but a list of alternative means is not. Id.; see Mathis [v. United States], 136 S.Ct. at 2256.

Id. at *2. The Government states in this case that the Missouri Kidnapping statute is divisible, because it sets out one or more elements of the offense in the alternative. Because the statute is divisible, the Government states that the modified categorical approach is appropriate for determining which alternative formed the basis for the defendant's conviction. The Missouri Kidnapping statute states:

1. A person commits the crime of kidnapping if he or she unlawfully removes another without his or her consent from the place where he or she is found or unlawfully confines another without his or her consent for a substantial period, for the purpose of,

    (1) Holding that person for ransom or reward, or for any other act to be performed or not performed for the return or release of that person; or

    (2) Using the person as a shield or as a hostage; or

    (3) Interfering with the performance of any governmental or political function; or

4

> (4) Facilitating the commission of any felony or flight thereafter; or
>
> (5) Inflicting physical injury on or terrorizing the victim or another.
>
> 2. Kidnapping is a class A felony unless committed under subdivision (4) or (5) of subsection 1 in which case it is a class B felony.

Mo.Rev. Stat. § 565.110.

Under the "modified categorical" approach, when a defendant had plead guilty to a charge, courts may look at certain types of documents to determine whether the defendant was convicted of a crime which involved the use of force. In <u>Shepard v. United States</u>, 544 U.S. 13, 26, 125 S.Ct. 1254, 161L.Ed.2d 205 (2005), the Court stated that courts can examine: "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." In St. Cin's case, the only record provided was the Information that was filed in Butler County. In Count II of that Information, St. Cin was charged with: "the class B felony of kidnapping, punishable upon conviction under Section 558.011.1(2) RSMo, in that on or about the 23rd day of October, 1992, in the County of Butler, State of Missouri, the defendant unlawfully removed [the victim] without her consent from [her address], the place where she was found by defendant, for the purpose of terrorizing [the victim]." St. Cin was also charged in the Information with the class A felony of armed criminal action alleging that he committed the kidnaping with the use of a deadly weapon. However, as St. Cin points out in his motion, the Pre-Sentence Report shows that he pled guilty only to forcible rape and kidnapping. Thus, it appears that the armed criminal action count was apparently dismissed and there is no indication that St. Cin pled guilty to the charge. Thus, the Court will disregard it for the

purpose of this analysis. "Occasionally, . . .it will be necessary to interpret the state court record and make reasonable inferences based upon the <u>Shepard</u>-qualifying materials in order to identify the discrete statutory subdivision at issue." <u>United States v. Ossana</u>, 679 F.3d 733, 736 (8th Cir. 2012). In St. Cin's case, he was charged with and pled guilty to kidnapping for the purpose of terrorizing the victim and forcible rape. A state's interpretation of its statues applies regarding the determination of the elements of the underlying predicate crime. <u>United States v. Cook</u>, <u>Id</u>., 2017 WL 2312874 at *2.

In <u>State v. Vitiello</u>, 791 S.W.2d 837, 839 (Mo.App.1990), the Court found that the evidence was sufficient to find that the defendant had committed the crime of kidnapping where he removed the victim's child from her home for the purpose of terrorizing the victim. In that case, the defendant was guilty of the crime of kidnapping even though no physical force was used against the victim. Additionally, in <u>State v. Van Vleck</u>, 805 S.W.2d 297, 299 (Mo.App.1991), the Court stated, "[i]t is not necessary that actual violence occur for a kidnapping to be committed. <u>State v. Estes</u>, 562 S.W.2d 142, 146 (Mo.App. St.L.Dist.1978). Appeals to fear, such as a threat to kill or do bodily harm are sufficient. <u>Id</u>." Additionally, in <u>Harris v. United States</u>, No. 4:16-CV-00111-SRB (W.D.Mo. May 13, 2016), the Court analyzing the same subdivision of the kidnapping statute found that "[p]etitioner's conviction for kidnapping no longer qualifies as a violent felony . . .requiring that he be resentenced. As Petitioner correctly argues, kidnapping as reflected in the charging documents is not an enumerated offense nor does it have as an element the use, threatened use, or attempted use of physical force against the person of another." <u>Id</u>. at 5. Although not controlling, courts in other jurisdictions have also concluded that where statutes define multiple ways to commit kidnapping which do

not involve physical force, that kidnapping convictions are not violent predicate felonies under the ACCA.  See United States v. Scott, No. 16-CV-0397-CVE-PJC, 2016 WL 6808152 (N.D.Okla. Nov. 17, 2016)([T]he crime [of kidnapping] may also be committed by inveiglement and this would not require the use of any force, because inveiglement involves luring or enticing the victim instead of any use of physical force."); Jasmin v. United States, No. 3:16-cv-761J-32JBT, 2016 WL 6071663 (M.D.Fla. Oct. 17, 2016)("Because committing a kidnapping "secretly" does not require the use of force or threats . . .the Court cannot consider Petitioner's kidnapping conviction to be a violent felony under the ACCA's elements clause.").  Thus, the Court finds that because the elements of the Missouri kidnapping statute do not necessarily require the use of any physical force, petitioner's kidnapping conviction no longer qualifies as a predicate violent felony under the ACCA and he is entitled to be re-sentenced.

## IV. CONCLUSION

Accordingly, the Court hereby **GRANTS** St. Cin's Motion to Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1). The Court hereby **ORDERS** that:

1) The Probation Office shall prepare an updated Presentence Investigation Report; and

2) The Court will set a date for the resentencing hearing upon receipt of the Presentence Investigation Report.


Date:  June 12 , 2017  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN**, **JR.**
Fernando J. Gaitan, Jr.
United States District Judge